UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NATHANAEL CELSO GUIDO OCHOA, and
other similarly-situated individuals,

    Plaintiff,

vs.

L G DIEGO, INC. , a Florida Corporation, and
DIEGO V. OJEDA, individually,

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff, NATHANAEL CELSO GUIDO OCHOA, by and through his undersigned attorney, and hereby sues Defendants, L G DIEGO, INC., a Florida Corporation, and DIEGO V. OJEDA, individually, and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of Southern District of Florida.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, and 26 U.S.C. §7434, both are federal statutes.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant L G DIEGO, INC. is a Florida corporation located in Miami-Dade County and which regularly conducts business in Miami-Dade County, Florida by performing electrician services within Miami-Dade County, Florida.

6. L G DIEGO is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, L G DIEGO operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and SHAN obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of L G DIEGO was at all times material hereto in excess of $500,000.00 per annum. L G DIEGO had gross annual revenue in excess of $500,000, for the year of 2015. SHAN had gross annual revenue in excess of $125,000, during the first quarter of 2016. Upon information and belief, the gross annual revenue for L G DIEGO is expected to $500,000.00 for the year of 2016.

8. By reason of the foregoing, L G DIEGO is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, OJEDA, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and

opt-in plaintiffs. Defendant OJEDA controlled the purse strings for the corporate Defendant. Defendant OJEDA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed from March 26, 2015 through June 5, 2016 as an electrician.

12. During the month of April, 2015, Plaintiff worked approximately 54 hours per week. During the time period of May 2015 through June 5, 2016, Plaintiff worked approximately 45 hours per week.

13. Plaintiff was paid a rate of $600.00 per week. Plaintiff was not paid any wages during the last three weeks of his employment.

14. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that

he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

17. The similarly-situated individuals are workers like the Plaintiff whom worked as an electrician and whom were not paid their overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: FLSA MINIMUM WAGES

19. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

20. Plaintiff was employed from March 26, 2015 through June 5, 2016 as an electrician.

21. During the month of April, 2015, Plaintiff worked approximately 54 hours per week. During the time period of May 2015 through June 5, 2016, Plaintiff worked approximately 45 hours per week.

22. Plaintiff was not paid any wages during the last three weeks of his employment. Defendants issued a check to the Plaintiff in the amount of $1,560.00 on June 3, 2016.

Notwithstanding that the check represented a sum less than the total wages that the Plaintiff had earned, the check was returned as not having sufficient funds.

23. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each hour worked. Defendants failed to pay minimum wages to the Plaintiff.

24. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

25. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

>Dated: June 23, 2016
>
>Law Office of Daniel T. Feld, P.A.
>*Co-Counsel for Plaintiff*
>2847 Hollywood Blvd.
>Hollywood, Florida 33020
>Tel: (305) 308 - 5619
>Email: DanielFeld.Esq@gmail.com
>*/s Daniel T. Feld*
>Daniel T. Feld, Esq.
>Florida Bar No. 37013
>
>Mamane Law LLC
>*Co-counsel for Plaintiff*
>1150 Kane Concourse, Fourth Floor
>Bay Harbor Islands, FL 33154
>Telephone (305) 773 - 6661
>E-mail: mamane@gmail.com
>*s/ Isaac Mamane*
>Isaac Mamane, Esq.
>Florida Bar No. 44561